(No. 81-CV-0352–)

*In re* APPLICATION OF WILLA SIMPSON.

*Order filed February 8, 1982.*

WILLA SIMPSON, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on June 6, 1981. Willa Simpson, mother of the deceased victim, Michael Simpson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on October 20, 1981, on the form

prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on June 6, 1981, the victim was struck by an automobile as he rode his bicycle eastbound along Washington Street in Gurnee, Illinois. The victim was pronounced dead at the scene. An investigation by the Gurnee police department and an inquest by the Lake County coroner's office determined that the incident was a hit-and-run accident and that the victim's death was the result of reckless homicide.

2. The issue presented to the Court is whether an injury incurred as a result of the reckless operation of a motor vehicle, including leaving the scene of the accident, may be the basis for an award under the Act.

3. In *In re Stevens* (1976), 31 Ill. Ct. Cl. 610, the Court held: "It is the opinion of this Court that the Illinois General Assembly did not intend to include compensation for non-intentional motor vehicle offenses."

While a hit-and-run case is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a claim under the Act.

It is therefore hereby ordered, that this claim be, and is hereby denied.